IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BEVERLY JONES, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:17-00135-N |
| ) | |
| NANCY A. BERRYHILL, *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Beverly Jones ("Jones") brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 25-26). Upon consideration of the parties' briefs (Docs. 18, 19) and those portions of the administrative record (Doc. 12) (hereinafter cited as "(Tr. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held telephonically March 28, 2018, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).

I. **Background**

On May 29, 2012, Jones filed an application for DIB. After a hearing and oral

argument, the Administrative Law Judge ("ALJ") issued an unfavorable decision. Jones appealed the ALJ's decision and on May 12, 2015, the Appeals Council for the Office of Disability Adjudication and Review ("Appeals Council") remanded the matter to ALJ. On August 31, 2015, the ALJ held a second hearing. On January 25, 2016, the ALJ issued an unfavorable decision which Jones appealed. On February 3, 2017, the Commissioner's decision on Jones' application became final when the Appeals Council denied Jones's request for review of the ALJ's decision. Jones subsequently filed this action under § 405(g) for judicial review of the Commissioner's final decision. (*See* Doc. 1); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

**II.     Standards of Review**

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence

as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal citations and quotations omitted). However, the Court may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]. *Id.* (internal citations and quotations omitted). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.'" *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[1] "In determining

---

[1] Nevertheless, " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 – 16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam)

whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ….' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397,

---

(unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB…requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E)…A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A)…

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[2]

The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

> claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[3]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind

---

[3] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

### III. Analysis

At Step One, the ALJ determined that Jones met the applicable insured status requirements through December 31, 2016, and that she had not engaged in substantial gainful activity since the alleged disability onset date of January 28, 2012. (Tr. 44). At Step Two, the ALJ determined that Jones had the following severe impairments: carpal tunnel syndrome, right De Quervains, obesity, hypertension, and diabetes. (Tr. 44). At Step Three, the ALJ found that Jones did not have an impairment or combination of impairments that met or equaled the severity of one of the specified impairments in the relevant Listing of Impairments. (Tr. 51).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Jones had the RFC "to perform light work as defined in 20 C.F.R. 404.1567(b), which allows occasional bilateral fine fingering; occasional bilateral flexion or extension of her wrist; no driving; no unprotected heights; occasional climbing, stooping, and crouching." (Tr. 51). Based on this RFC, the ALJ determined that Jones was unable to perform any past relevant work as a hand packager. (Tr. 55). At Step Five, after taking testimony from a vocational expert, the ALJ found that there exist significant numbers of jobs (usher) in the national economy that Jones can perform given her RFC, age, education, and work experience. (Tr. 55). Thus, the ALJ found that Jones was not disabled under the Social Security Act. (Tr. 55-56).

   a.   **First Claim of Error: ALJ's Determination Regarding Jones's Ability to Perform Work as an Usher is Not Supported by Substantial Evidence**

The ALJ determined that Jones had the RFC to perform light work with the following limitations: occasional bilateral fine fingering, occasional climbing, stooping and crouching. (Tr. at 51). The ALJ also concluded that Jones could perform the work of an usher. Jones contends that the ALJ's determination that she could perform the work of an usher is not supported by substantial evidence. (Doc. 18 at 2).

Jones argues that the testimony of the vocational expert conflicted with the DOT and that the ALJ erred when he failed to resolve that conflict. (*Id*. at 2-3). The Court of Appeals has held that when the VE's testimony conflicts with the DOT, the VE's testimony "trumps" the DOT. *Miller v. Commmissioner,* 2007 WL 2461771 (11th Cir. August 31, 2007) (citing *Jones v. Apfel,* 190 F.3d 1224, 1229–1230 (11th Cir.1999)). The VE's testimony controls because the VE's task is to determine whether there are jobs in

the region which the claimant can perform with his precise disabilities or limitations. *Id.* Further, the Court of Appeals noted that the DOT states it is not a comprehensive source of information and that it should be supplemented with local job information. *Lipson v. Barnhart,* 347 F.Supp.2d 1182, 1189 (M.D.Ala.2004). "The VE provides this vital [supplemental] information". *Id.* at 1189. Therefore, an ALJ may rely on the VE's testimony even if it is inconsistent with the DOT. *Jones*, 190 F.3d at 1229.

The undersigned has reviewed the description of the usher position in the DOT (Doc. 19-1, 344.677-014 USHER, DICOT 344.677-014) and finds that the VE's testimony was not inconsistent with the DOT. Specifically, the description indicates that reaching, handling, fingering are done "occasionally," and that feeling is "not present." (Doc. 19-1 at 3).

Jones also argues that the ALJ asked the VE "piecemeal hypothetical questions" and that the "ALJ failed to combine Plaintiff's restrictions into one question to find their impact on the availability of jobs." (Doc. 18 at 3, 5). However, during the hearing, Jones's representative had the opportunity to question the VE. This exchange follows:

> Q: I want to put a couple of these hypotheticals together. Assume a hypothetical individual same age and education, work history, training as the claimant who is limited to occasional bilateral handling fingering, feeling. Must avoid concentrated exposure to cold. Limited to – start with light. And can occasionally climb ramps, stairs. Occasional climb ladders, ropes, scaffolds. Let's try that. And any jobs?
>
> A. Occasionally – okay. There is a counter clerk. It's 249.366.010. This is light, unskilled with an SVP of 2. There are approximately 300,000 in the national economy, and approximately 8,000 in the State of Alabama. Furniture rental consultant, 295.357-018. This is light, unskilled with an SVP of 2. There are 150,000 in the national economy, and approximately 2,000 in the State of Alabama. And the usher position that I gave previously would still be an option at the light level.
>
> …

> Q. On the first hypothetical[4] you and I discussed, if we included occasional flexing and extension, flexing and extending, would that change any of the jobs that you cited?
>
> A. I would eliminated the counter clerk and furniture rental clerk. The usher position would still be an option at the light level, and the surveillance system monitor at the sedentary level.

(Tr. at 91-93). Jones's claim that the ALJ failed to combine her limitations fails, as any error was harmless since the combination was effectuated by Jones's representative at the hearing. Thus, the ALJ's RFC determination is supported by substantial evidence as there was testimony from the VE regarding Jones's ability to perform the job of usher.

Finally, Jones argues that the RFC was not supported by substantial evidence because the ALJ erred by failing to include certain limitations that were included in the RFC in the first decision, but not the second decision. (Doc. 18 at 7). As the Commissioner notes, on remand, the ALJ received additional medical evidence and new hearing testimony, requiring him to consider Jones's impairments in light of the full record, including evidence not considered in the 2014 decision, through the date of the 2016 decision. Jones's assertion that the RFC is not supported by substantial evidence based on the fact the it contradicts a previous RFC finding by a different ALJ is not compelling as the previous RFC finding was vacated. *Dillard v. Colvin,* No. CV 15-311-M, 2016 WL 742113, at *6, n.12 (S.D. Ala. Feb. 24, 2016) (holding the same).

For the reasons discussed above, the undersigned finds that the RFC finding is supported by substantial evidence and due to be affirmed.

---

[4] This question references the hypothetical in the question quoted above it.

### b. Second Claim of Error: ALJ's RFC Determination is Not Supported by Substantial Evidence

The ALJ determined the following impairments were severe: carpal tunnel syndrome, right De Quervains, obesity, hypertension and diabetes. (Tr. 44). The ALJ determined the following impairments were non-severe: acute bronchitis, tobacco disorder, hypertension, GERD, and sinusitis. (Tr. 51). Jones argues that the ALJ erred by failing to categorize her osteoarthritis and back pain as either severe or non-severe. (Doc. 18 at 8). Jones acknowledges that the ALJ discussed these conditions in his decision, but alleges that a failure to label them as either severe or non-severe constitutes reversible error. (*Id.* 8-9).

The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe. *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir.1987); *see also Phillips,* 357 F.3d at 1238. The ALJ must make specific and well-articulated findings as to the effect of the combination of all of the claimant's impairments. *Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir.1984). However, a clear statement that the ALJ considered the combination of impairments constitutes an adequate expression of such findings. *See Jones v. Dep't of Health & Human Servs.,* 941 F.2d 1529, 1533 (11th Cir. 1991). Even assuming the ALJ erred by failing to specifically indicate whether the osteoarthritis and back pain were severe impairments, that error was harmless because the ALJ considered all of Jones's impairments in combination at later steps in the evaluation process. *Burgin v. Comm'r*

*of Soc. Sec.*, 420 F. App'x 901, 903 (11th Cir. 2011) (citing *Diorio v. Heckler,* 721 F.2d 726, 728 (11th Cir. 1983) (applying the harmless error doctrine to social security cases)); *See also* Tr. at 51. As the ALJ's RFC finding was supported by substantial evidence, the undersigned finds that Jones's second claim of error is without merit.

    **c.    Third Claim of Error: ALJ Failed to Follow the Applicable Pain Standard**

Jones argues that the ALJ failed to properly consider her subjective allegations of pain. (Doc. 18 at 9-10). Specifically, Jones argues that the ALJ failed to note chronic pain that Jones complained of throughout certain medical records, failed to note certain diagnoses, and discounted Jones's subjective complaints. (Doc. 18 at 9-10). The Commissioner counters that the ALJ reasonably evaluated all of the evidence of record, that the ALJ identified as valid reasons for discounting Jones's subjective statements, and that the ALJ's credibility evaluation is supported by substantial evidence. (Doc. 19 at 4-6). Having carefully reviewed the record in this case, the Court finds that Jones's claim fails.

When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating physician or other persons, and evidence of how the pain (or other subjective symptoms) affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). In a case where a claimant attempts to establish disability through his or her own testimony concerning pain or other subjective symptoms, a three-part standard applies. That standard requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain [or other

subjective symptoms] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain [or other subjective symptoms]." *Hubbard v. Commissioner of Soc. Sec.*, 348 F. App'x 551, 554 (11th Cir. 2009) (unpublished) (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). The ALJ evaluates the "claimant's subjective testimony" only after the claimant satisfies the first and one of the alternate portions of the second prong of the "pain standard." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.1995). Where the ALJ proceeds to consider the claimant's subjective testimony about pain or other disabling conditions, the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) . If the ALJ determines to discredit subjective pain testimony and such testimony is crucial to the claimant's assertion of disability, the ALJ "must articulate specific reasons for questioning the claimant's credibility." *Id.* "The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted).

The Social Security regulations further provide:

> [S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

20 C.F.R. 404.1529(a) (2013).

"A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). Stated differently, "if a claimant testifies to disabling pain [or other subjective symptoms] and satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited." *Reliford v. Barnhart*, 444 F. Supp. 2d 1182, 1186 (N.D. Ala. 2006). Therefore, once the determination has been made that a claimant has satisfied the three-part standard, the ALJ must then turn to the question of the credibility of the claimant's subjective complaints. *See id.*, 444 F. Supp. 2d at 1189 n.1 (the three-part standard "is designed to be a threshold determination made prior to considering the plaintiff's credibility."). If a claimant does not meet the standard, no credibility determination is required. *Id.*

In assessing a claimant's credibility, the ALJ must consider all of the claimant's statements about his symptoms and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. § 404.1528. Such credibility determinations are within the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). However, if an ALJ decides not to credit a claimant's testimony about his or her subjective symptoms, "the ALJ must articulate explicit and adequate reasons for doing so or the record must be obvious as to the credibility finding." *Strickland v. Commissioner of Soc. Sec.*, 516 F. App'x. 829, 832 (11th Cir. 2013) (unpublished) (citing *Foote*, 67 F.3d at 1562); *see also Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court). Failure

to articulate the reasons for discrediting testimony related to pain or other subjective symptoms requires, as a matter of law, that the testimony be accepted as true. *Holt*, 921 F.2d at 1223.

The Eleventh Circuit has held that the determination of whether objective medical impairments could reasonably be expected to produce the pain or other subjective symptoms is a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence." *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir. 1985), *vacated on other grounds and reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Nye v. Commissioner of Social Sec.*, 524 F. App'x 538, 543 (11th Cir. 2013) (unpublished).

Assuming *arguendo* that Jones has satisfied the threshold three-part pain standard, her claim still fails inasmuch as the ALJ's credibility finding is supported by substantial evidence in this case. The ALJ found that, Jones's medically determinable impairments could be expected to cause some of her alleged symptoms, her testimony regarding the intensity, persistence, and limiting effects of her symptoms was "not entirely credible" based on the inconsistency between her testimony and the other record evidence. (Tr. at 51-54). Specifically, the ALJ found Jones's allegations of disabling pain were "not corroborated by substantial evidence considered on the record as a whole." (Tr. at 53-54). The ALJ then outlined his reasons for concluding the same stating:

> Ms. Jones testified that the condition in her hands worsened since her prior hearing. She stated that she has arthritis in both hands, Ms. Jones testified that she received injections to assist with her pains. She stated

that although she washed dishes, she dropped them. Ms. Jones testified that she tried to sweep, but experienced pain. Ms. Jones reported that she had trouble writing because of bilateral hand pain. She stated that she did not have feeling in her fingertips. The claimant testified that she could not do her hair. She admitted that she could button her clothes, but at a slow pace. The claimant stated that she experienced trouble tying her shoes. She stated that she could scoop up change from a counter. The claimant acknowledged that she could prepare small meals such as sandwiches. Ms. Jones testified that she did not drive because of high blood pressure. She stated that her condition caused headaches,….that she has muscle spasms in her back….that she also has arthritis in her thighs. The claimant reported that she could lift five pounds. She stated that the participated in three physical therapy sessions.

The claimant's allegations of disabling pain and limitations are not entirely credible to the extend alleged, in light of reports from examining practitioners, the medical history, objective findings and admitted activities of daily living. It is asserted that Ms. Jones cannot work on the accounts of pain from bilateral carpal tunnel syndrome. These allegations are not corroborated by substantial evidence considered on the record as a whole. Physical therapy notes from Helping Hands in December 2014, indicate that the claimant rated her pain as a two on scare of zero to ten. On examination, the claimant's motor strength was three out of five. She was able to opposed all digits with some pain. On a subsequent examination, in May 2015, the claimant did not demonstrate any localized weakness, edema or focal neurological deficits. While she complains of chronic pain recent emergency room records from August 2015, show that she only complained of back and knee pain, which suggests her hand or wrist pain and limitations are not as severe as alleged. The objective findings do not indicate that the claimant is unable to seize, hold, grasp, or turn objects with her hands. Ms. Jones had demonstrated the ability to pick, pinch and work with her fingers.

…

As stated above, treatment records from University Orthopaedic Clinic [] from July 20, 2015, note that the claimant complained for lumbar and right hip pain. Although she limited, she did not require a handheld assistive device. While imaging studies on the lumbar spine revealed spondylosis and stenosis, there was no evidence of myelopathy of radiculopathy.

…

The preponderance of evidence, including reports from examining and treating physicians, as well as the claimant's admitted activities of daily living, do not support the degree of disabling pain and limitations presently asserted.

(Tr. at 53-54).

Jones alleges that the ALJ failed to note certain complaints Jones made about pain contained in her medical records, failed to note two diagnoses (painful scaphotrapezial osteoarthritis and CMC joint osteoarthritis), and discounted certain pain complaints. (Doc. 18 at 9-10). These failures, according to Jones, amount to a failure to satisfy the pain standard. *Id*.

While Jones cites evidence that may support an alternative conclusion, it is not the task of the Court to reweigh the evidence. At issue is not whether evidence exists which could support an alternative finding, but whether *this* finding by the Commissioner is supported by substantial evidence. The Court finds this to be the case. The pain standard was properly applied and the findings as to credibility are adequately supported by substantial evidence. As such, the ALJ's determination will not be disturbed.[5]

---

[5] Jones also asserts that the ALJ failed to take into consideration any of the seven factors that an ALJ must consider in assessing the credibility of an individual's statements pursuant to 20 C.F.R. §§ 404.1529(c)(3) and SSR 96-7 and ignored multiple records which resulted in a determination that is not supported by substantial evidence. In assessing the credibility of an individual, the following factors should be considered:

> (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medications used to alleviate pain or other symptoms; (5) treatment other than medication, received for relief of pain or other symptoms; (6) any measures, other than treatment, used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3); *see also* SSR 96-7p. While not expressly mentioned (other than by citation), it is evident that the ALJ considered the factors listed above. The ALJ

## IV. Conclusion

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's January 26, 2016 final decision denying Jones's application for a period of disability and DIB is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 16th day of **July 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

determined that intensity, persistence and limiting effects of the pain she alleged was not credible when considered in the light of all the evidence. Despite Jones's contention that the ALJ ignored the seven factors he is required to consider when determining credibility, the ALJ's articulated reasoning addresses those very factors.